RUSSELL D. GREER, CHAPTER 13 STANDING TRUSTEE
TALVINDER S. BAMBHRA, #230907. ATTORNEY FOR TRUSTEE
LILIAN G. TSANG, #260460. ATTORNEY FOR TRUSTEE
P.O. BOX 3051
MODESTO, CALIFORNIA 95353-3051
TELEPHONE (209) 576-1954

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: ) | Case No: 23-20020-C-13G |
| ) | DCN: RDG-1 |
| ) | |
| LARRY DALE BUTLER ) | TRUSTEE'S OBJECTION TO |
| ) | CONFIRMATION |
| ) | |
| ) | DATE: MARCH 28, 2023 |
| ) | TIME: 9:30 A.M. |
| ) | JUDGE: KLEIN |
| Debtor(s) ) | COURTROOM: 35 |

RUSSELL D. GREER, TRUSTEE, objects to confirmation of the Debtors' plan and does not recommend its confirmation.

**341 MEETING OF CREDITORS HAS NOT BEEN HELD**

Debtor Larry Dale Butler failed to appear and be examined at the First Meeting of Creditors held on February 23, 2023. That meeting has been continued to March 9, 2023 at 10:00 a.m. Until Trustee is able to examine Debtor, Trustee is unable to determine if Debtor's plan has been proposed in good faith and complies with 11 U.S.C. §1325.

## FAILURE TO PROVIDE TAX RETURN

The Debtor has failed to provide the Trustee with a tax transcript or a copy of his Federal Income Tax Return with attachments for the most recent pre-petition tax year for which a return was required, or a written statement that no such documentation exists. 11 U.S.C. § 521(e)(2)(A); FRBP 4002(b)(3). This is required seven days before the date first set for the meeting of creditors, 11 U.S.C. §521(e)(2)(A)(i).

## FAILURE TO PROVIDE PAY ADVICES

Debtor has failed to provide the Trustee with 60 days of employer payment advices received prior to the filing of the petition pursuant to 11 U.S.C. §521(a)(1)(B)(iv). This is required 7 days before the date set for the first meeting of creditors pursuant to LBR 1007-1.

## ELIGIBILITY

Debtor has failed to file a credit counseling certificate evidencing that Debtor obtained the credit counseling mandated by 11 U.S.C. §109(h). Without a credit counseling certificate, Trustee is unable to determine if Debtor is eligible to be a Debtor under Title 11 of the United States Code. [11 U.S.C. §109(h)]

## LIQUIDATION

Debtor's Schedules A, B, D and E list assets in the amount of $13,400.00 and no priority claims. Debtor claims no exemption on Schedule C. (DN 16) Trustee estimates, based on a review and analysis of Debtor's schedules, that Debtor has non-priority general unsecured claims totaling $22,940.00. Accordingly, in order to meet the liquidation test of 11 U.S.C.§1325(a)(4), Debtor's plan must pay 58% ($13,400.00 divided by $22,940.00) to Debtor's general unsecured creditors. Debtor's Plan does not provide a dividend to unsecured creditors at Section 3.14. (DN

15 Page 5) Trustee is not able to determine if debtor's plan passes the liquidation test of 11 U.S.C.§1325(a)(4).

## SCHEDULE J

Debtor's Schedule J at Line 17a includes a vehicle installment payment of $680.00 (DN 16 Page 31). Debtor's Plan provides for CIG Financial as a Class 1 creditor. Accordingly, the deduction on Schedule J is inappropriate.

## DEBTOR'S PLAN IS NOT FEASIBLE

a) Debtor's plan is not feasible, as it fails to indicate the percentage to be paid to general unsecured creditors. (DN 15 Page 5) [11 U.S.C.§1325(a)(6)]

b) Debtor's plan lists a claim owed to CIG Financial in Class 1 with pre-petition arrears of $2,300.00 but fails to provide a monthly dividend payable to those arrears. (DN 15 Page 3) Without providing for the monthly dividend to pay that claim, Debtor's plan is not feasible. [11 U.S.C. §1325(a)(6)]

c) Debtors have failed to provide Trustee with a copy of Debtors' 2021 Federal and State income tax returns. Until Trustee is able to review these returns, Trustee is unable to determine whether Debtors' plan is feasible and pays all projected disposable income for the applicable commitment period to Debtors' general unsecured creditors. [11 U.S.C. §1325(a)(6) and 11 U.S.C. §1325(b)(1)]

## BEST EFFORTS

Debtor's Chapter 13 Statement of Current Monthly Income (DN 14) indicates gross wages of $5,000.00 a month and current monthly income for the year of $60,000.00. Debtor's Form 122C-1 establishes that Debtor is a below median income Debtor and the appropriate

//

commitment period is 3 years. Debtor has proposed a 24-month plan term. (DN 15 Page 1)

The plan fails to comply with 11 U.S.C. §1325(b).

Dated: February 27, 2023

Respectfully submitted,
/S/ TALVINDER S. BAMBHRA
TALVINDER S. BAMBHRA
Attorney for Russell D. Greer,
Chapter 13 Standing Trustee