```
3
RUSSELL D. GREER, CHAPTER 13 STANDING TRUSTEE
TALVINDER S. BAMBHRA, #230907. ATTORNEY FOR TRUSTEE
LILIAN G. TSANG, #260460. ATTORNEY FOR TRUSTEE
P.O. BOX 3051
MODESTO, CALIFORNIA  95353-3051 TELEPHONE (209) 576-1954
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 23-20020-C-13G |
| | ) | DCN: RDG-1 |
| | ) | |
| LARRY DALE BUTLER | ) | DECLARATION OF LINDA SHIELDS |
| | ) | IN SUPPORT OF TRUSTEE'S |
| | ) | OBJECTION TO CONFIRMATION |
| | ) | |
| | ) | DATE:    MARCH 28, 2023 |
| | ) | TIME:    9:30 A.M. |
| | ) | JUDGE:   KLEIN |
| Debtor(s) | ) | COURTROOM:   35 |

I, Linda Shields, do hereby state and declare as follows:

1. I am over the age of eighteen years old and not a party to this action.

2. I am employed by RUSSELL D. GREER, TRUSTEE, and in the course of my employment, I am familiar with his records and procedures, and the records of this case, and I can testify as to both.

3. The 341 Meeting held on February 23, 2023, was conducted by TALVINDER S. BAMBHRA, ATTORNEY FOR TRUSTEE. I have reviewed her contemporaneous notes, the Court's Docket, and Trustee records and they reflect the following:

1

4. Debtor Larry Dale Butler failed to appear and be examined at the First Meeting of Creditors held on February 23, 2023. That meeting has been continued to March 9, 2023 at 10:00 a.m.

5. The Debtor has failed to provide the Trustee with a tax transcript or a copy of his Federal Income Tax Return with attachments for the most recent pre-petition tax year for which a return was required, or a written statement that no such documentation exists.

6. Debtor has failed to provide evidence of his current income.

7. Debtor has failed to file a credit counseling certificate evidencing that Debtor obtained the credit counseling.

8. Debtor's Schedules A, B, D and E list assets in the amount of $13,400.00 and no priority claims. Debtor claims no exemption on Schedule C. (DN 16) Trustee estimates, based on a review and analysis of Debtor's schedules, that Debtor has non-priority general unsecured claims totaling $22,940.00. Debtor's Plan does not provide a dividend to unsecured creditors at Section 3.14. (DN 15 Page 5)

9. Debtor's Schedule J at Line 17a includes a vehicle installment payment of $680.00 (DN 16 Page 31). Debtor's Plan provides for CIG Financial as a Class 1 creditor.

10. Debtor's plan fails to indicate the percentage to be paid to general unsecured creditors. (DN 15 Page 5)

11. Debtor's plan lists a claim owed to CIG Financial in Class 1 with pre-petition arrears of $2,300.00 but fails to provide a monthly dividend payable to those arrears. (DN 15 Page 3)

12. Debtor's Chapter 13 Statement of Current Monthly Income (DN 14) indicates gross wages of $5,000.00 a month and current monthly income for the year of $60,000.00.

Debtor's Form 122C-1 establishes that Debtor is a below median income Debtor and the appropriate commitment period is 3 years.   Debtor has proposed a 24-month plan term.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2023, at Modesto, California.

<u>/S/ Linda Shields</u>

Linda Shields, Paralegal